**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATINA ANN PARKER,<br><br>     Plaintiff-Appellant,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner Social Security,<br><br>     Defendant-Appellee. | No. 15-16936<br><br>D.C. No. 1:14-cv-00763-BAM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Barbara McAuliffe, Magistrate Judge, Presiding

Argued and Submitted May 16, 2017
San Francisco, California

Before: THOMAS, Chief Judge, WARDLAW, Circuit Judge, and MORRIS,**
District Judge.

Katina Parker ("Parker") appeals the denial of her application for

Supplemental Security Income benefits under Title XVI of the Social Security Act.

We have jurisdiction under 28 U.S.C. § 1291. We reverse and remand for further

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

proceedings. The parties are familiar with the facts, which we repeat here only to the extent necessary to explain our decision.

Parker argues that the ALJ erred when he rejected three limitations described by her examining psychologist without providing legally sufficient reasons for doing so. The three limitations are: 1) Parker's marked difficulty interacting adequately with others; 2) Parker's moderate difficulty responding to changes in a routine work setting; and 3) Parker's moderate difficulty with two-part instructions.

## A.     Marked Difficulty Interacting with Others

Examining psychologist Dr. Robert Bilbrey, Ph.D. conducted a functional assessment of Parker on March 28, 2011. Dr. Bilbrey opined that Parker would have "marked difficulty interacting adequately with others." The term "marked" denotes a serious limitation in function. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 12.00(F)(2)(d). It is reasonable to infer that Dr. Bilbrey intended the term "others" to include not only the public, but also supervisors and co-workers. Dr. Bilbrey made this determination based upon his personal observations of Parker, and Parker's reported minimal interactions with neighbors and strangers.

Non-examining consultant Dr. Harvey Bilik, Psy.D., conducted a functional assessment of Parker on April 25, 2011. Dr. Bilik made his assessment based upon

a review of Parker's records. Dr. Bilik's functional assessment of Parker differed significantly from the functional assessment of Dr. Bilbrey on one matter. Dr. Bilik offered a less restrictive view of Parker's ability to work with co-workers and supervisors. Dr. Bilik indicated on his functional assessment form that Parker was only "moderately limited" in her "ability to get along with co-workers or peers." Dr. Bilik opined that Parker appeared "able to interact appropriately with others," but "may benefit from reduced interactions with the public." Non-examining consultant A. Garcia, M.D., reviewed Parker's records on October 3, 2011. Dr. Garcia summarily agreed with Dr. Bilik's functional assessment.

The ALJ adopted Dr. Bilik's assessment of Parker's ability to interact with co-workers and supervisors. The ALJ failed to explain why he rejected Dr. Bilbrey's opinion that Parker would have a marked difficulty interacting with others.

Social Security law regards a psychologist as a "physician." *Lester v. Chater*, 81 F.3d 821, 830 n. 7 (9th Cir. 1995) *as amended* (Apr. 9, 1996). The law gives the opinion of an examining physician more weight than the opinion of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). An ALJ may reject the contradicted opinion of an examining physician only if he provides specific, legitimate reasons supported by substantial evidence in the

3

record. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). An ALJ may satisfy the substantial evidence requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence," stating his interpretation of the evidence, and making findings. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ must do more, however, than state conclusions. *Id*.

The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of an opinion of an examining physician. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Lester*, 81 F.3d at 831. The opinion of a non-examining physician may qualify as substantial evidence only if other independent evidence in the record supports the opinion. *Id*.

The ALJ committed legal error when he rejected the limitation described by Dr. Bilbrey — that Parker would have a "marked difficulty interacting adequately with others" — without providing any specific, legitimate reasons for doing so. *See Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). The ALJ identified no independent evidence in the record that supports his decision to reject Dr. Bilbrey's opinion. The ALJ offers only a conclusory statement that his assessment of Parker's residual functional capacity "is supported by the opinions of the consultative examiners and the state-agency consultants."

4

**B.** **Moderate Difficulty Responding to Change in Routine Work Setting, Moderate Difficulty with Two-Part Instructions**

Dr. Bilbrey opined that Parker had two other limitations: moderate difficulty responding to changes in a routine work setting; and moderate difficulty with two-part instructions. These two limitations were uncontradicted. Dr. Bilik agreed that Parker possessed these limitations.

Dr. Bilik noted on his functional assessment form that Parker had a moderate limitation in her "ability to respond appropriately to changes in the work setting." Dr. Bilik also noted that Parker may not be able to understand, remember, and carry out "complex instructions." The ALJ failed to include either of these limitations, described by Dr. Bilbrey, in the hypothetical that he presented to the vocational expert.

An ALJ may reject the uncontradicted opinions of an examining physician only if he provides clear and convincing reasons supported by substantial evidence. *Lester*, 81 F.3d at 830. The ALJ failed to explain why he rejected these uncontradicted opinions of Dr. Bilbrey. The ALJ's failure to provide clear and convincing reasons for rejecting these opinions constituted legal error.

When an ALJ fails to provide adequate reasons for rejecting the opinions of an examining physician, the opinions must be accepted as a matter of law. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The ALJ failed to provide

5

legally sufficient reasons for rejecting Dr. Bilbrey's opinions. The opinions of Dr. Bilbrey must be accepted as true on remand.

## C.    Hypothetical Question

Parker argues that the ALJ's hypothetical question to the vocational expert was legally deficient. We agree. Hypothetical questions posed to a vocational expert must include all of the medical and vocational limitations of the claimant supported by substantial evidence in the record. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001). Here, the ALJ's hypothetical question was legally deficient because it was based upon his improper rejection of three of Dr. Bilbrey's opinions.

The ALJ, on remand, must accept all of the limitations described by Dr. Bilbrey as true. The ALJ must ask the vocational expert whether Parker can perform jobs in significant numbers in the national economy, taking into consideration the following three additional limitations: 1) that Parker has "marked difficulty interacting adequately with others," including supervisors, co-workers, and the general public; 2) that Parker has moderate difficulty with two-part instructions; and 3) that Parker has moderate difficulty responding to changes in a routine work setting.

REVERSED AND REMANDED for further proceedings.